## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAMON A. BENSON,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 23-CV-3297** |
| | : | |
| **GEORGE W. HILL CORRECTIONAL** | : | |
| **FACILITY,** *et al.* | : | |
| **Defendants.** | : | |

## MEMORANDUM

**SÁNCHEZ, C.J.**                                                             **OCTOBER 27, 2023**

*Pro Se* Plaintiff Damon A. Benson brings this Complaint pursuant to 42 U.S.C. § 1983 against the George W. Hill Correctional Facility ("GWHCF") and two prison officials based on allegations that he was unlawfully detained and mistakenly accused of crimes. For the following reasons, the Court will grant Benson leave to proceed *in forma pauperis* and dismiss his Complaint in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Benson will be given an opportunity to file an amended complaint.

## I.    FACTUAL ALLEGATIONS

Benson names the following Defendants in the Complaint: (1) the GWHCF; (2) Superintendent Laura Williams; and (3) "Records Department: Michael Root." (Compl. at 1-3.)[1] Benson is a convicted prisoner currently confined at SCI Phoenix. (*Id.* at 2, 4.) He alleges that on November 18, 2022, he was "unlawfully detained" after being transported from SCI Smithfield to GWHCF, where he was "placed in false imprisonment" for "nearly 45 days." (*Id.* at 4.) He states that he was placed at GWHCF "under false pretense that 'Martin Fuller' had

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

committed the crime of identity theft, counterfeit, and machine 12/14/2020 yet [the] records

department [and] Superintendent got it wrong!"  (*Id*. at 5.)  He alleges that he was "basically

kidnapped."  (*Id*. at 5.)  "[A]fter a month of constant complaining, they finally discovered that

they had the wrong person."  (*Id*. at 8.)[2]

Benson alleges that due to this "traumatic experience," he could not eat or sleep and

suffered from "high anxiety."  (*Id*. at 5.)  Based on these allegations, Benson asserts claims for

cruel and unusual punishment, due process, and false imprisonment.  (*Id*. at 3-5.)  He seeks

money damages.  (*Id*. at 5.)

## II.   STANDARD OF REVIEW

The Court grants Benson leave to proceed *in forma pauperis* because it appears that he

does not have the ability to pre-pay the fees to commence this case.[3]  Accordingly, 28 U.S.C. §

1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether

a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard

applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher

v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether

the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this

early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as

true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that]

---

[2] It is not clear to the Court whether Martin Fuller is an alias for Benson or whether there
is another individual named Martin Fuller.  On the form complaint, Benson states that his name
is "Damon A. Benson" but that his "a.k.a" is "Martin Fuller."  (Compl. at 2, 4.)

[3] Because Benson is a prisoner, he must still pay the $350 filing fee in installments as
mandated by the Prison Litigation Reform Act.

complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"

*Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

As Benson is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

The Court understands Benson to assert constitutional claims based on his allegedly improper incarceration at GWHCF.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.    Claims against the GWHCF

Benson names GWHCF as a Defendant; however, a prison or correctional facility is not a "person" under § 1983.  *Miller v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976)); *Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010); *Regan v. Upper Darby Twp.*, No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009).  Accordingly, Benson's claims against GWHCF must be dismissed with prejudice because GWHCF "is not a legal entity susceptible to suit."  *See Cephas*, 2010 WL 2854149, at *1; *see also Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013) (*per curiam*) (affirming dismissal of claims against county prison because even

3

though "[a] local governmental agency may be a 'person' for purposes of § 1983 liability, [the county prison] is not a person capable of being sued within the meaning of § 1983" (internal citations omitted)); *Mincy v. Deparlos*, 497 F. App'x 234, 239 (3d Cir. 2012) (*per curiam*) (district court properly concluded that a county prison is not "person" within meaning of section 1983).

###### B.    Claims against Williams and Root

Benson fails to state a plausible constitutional claim against Williams or Root based on the allegations pled. His allegations are vague and conclusory, resulting in factually undeveloped claims. Benson does not include any facts about the circumstances surrounding his detainment at GWHCF, including the reason he was transported there, whether he was arrested for and/or charged with identity theft and related crimes, whether Martin Fuller is his alias or another individual, and how the criminal accusations were a mistake. Instead, he alleges in conclusory fashion that he was unlawfully detained, without providing any details about how that detainment was unlawful. This is not sufficient. *See Iqbal*, 556 U.S. at 678.

In addition, it is not clear how Williams and Root were specifically involved in the alleged unlawful detainment. In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Iqbal*, 556 U.S. at 676 (explaining that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Benson asserts no specific factual allegations about Root. Instead, Benson lists "Record Department" as Root's job title and states elsewhere in the Complaint that the "Records Department . . . got it wrong" that Martin

4

Fuller committed identity theft and related crimes.  (Compl. at 3, 5.)  Benson does not specifically allege how Root "got it wrong" or how Root was otherwise involved in Benson's alleged unlawful detainment at GWHCF.

Similarly, Benson asserts no specific factual allegations about Williams, except that she also "got it wrong" that Martin Fuller committed identity theft and related crimes.  (*Id*. at 5.)  This is not sufficient to establish Williams's personal involvement.  *Iqbal*, 556 U.S. at 678.  To the extent that Williams is named as a Defendant simply due to her high-ranking position as the Superintendent of GWHCF, this is also not sufficient to state a plausible claim.  *See Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct.") (quoting *Iqbal*, 556 U.S. at 677) (emphasis in original).  Rather, "[s]uits against high-level government officials must satisfy the general requirements for supervisory liability."  *Wharton v. Danberg*, 854 F.3d 234, 243 (3d Cir. 2017).  There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates."  *Barkes v. First Corr. Med., Inc*., 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015).  First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm."  *Id*. (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr*., 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)).  "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct."  *Id*.; *see also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and

acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).  Benson's factual allegations do not raise a

plausible inference of supervisor liability against Williams.  Accordingly, all § 1983 claims

against Root and Williams will be dismissed.

**IV.     CONCLUSION**

For the foregoing reasons, the Court will grant Benson leave to proceed *in forma*

*pauperis* and dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state

a claim.  His claims against GWHCF will be dismissed with prejudice and his claims against

Williams and Root will be dismissed without prejudice.  The Court will grant Benson leave to

file an amended complaint in the event he can cure the defects the Court has identified in his

claims against Williams and Root.  An appropriate Order follows, which provides further

instruction as to amendment.

**BY THE COURT:**


**/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, C.J.**